IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS L. CECRLE,

    Petitioner,                       No. CIV 04-1342 GEB GGH P

    vs.

JEANNE S. WOODFORD, et al.        ORDER &

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

Amended Petition

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges no specific conviction or parole decision in his petition. Rather, petitioner states that he was convicted of first degree murder with a firearm use enhancement in 1991 and sentenced to 26 years to life, and under the applicable laws at that time, anticipated a finding of parole suitability and the setting of a parole date about fifteen years thereafter. Amended Petition, pp. 2, 5a. However, 1994 amendments to Cal. Penal Code § 3041.5 have effectively increased his 1991 sentence of life with the possibility of parole to life without possibility of parole in violation of his due process and equal protection rights and in violation of the Ex Post Facto Clause. Id., pp. 5a, 5d, 5j, 5k. Petitioner's primary claim involves increase of the maximum time period the BPT can defer future eligibility hearings

1

1  (up to five years). Petitioner also asserts that prior to 1997, Cal. Penal Code §§ 2930-2933
2  provided for application of good time/work time credits. Id., at 5b. Petitioner seeks discovery to
3  provide statistics in support of his contention that the Board of Prison Terms finds no one
4  suitable for parole until an inmate has served in excess of the full term described in the matrix.
5  Id., at 5a; Motion for Discovery. Petitioner seeks declaratory relief in the form of a judgment by
6  this court that provisions of SB 826, Cal. Penal Code § 3041.5, violate the Ex Post Facto Clause.
7  Id., at 5d & prayer for relief. Petitioner states that he became aware of the full impact of the law
8  at a 1997 documentation hearing when he was informed by a Board representative that he would
9  not be considered for parole until he had served 32 years. Id., at unnumbered page containing
10 prayer for relief.

11 Answer

12         Respondents contend that petitioner lacks standing to bring this habeas petition
13 because the statute of which he complains has not yet been applied to him, nor is Cal. Penal Code
14 § § 3041.5(b)(2)(B) an Ex Post Facto law. Answer, pp. 2, 5-7. Respondents note that before
15 being considered for parole, first degree murderers must serve a period of time in prison up to the
16 minimum eligible parole date (MEPD), a date established by statute, the MEPD constituting the
17 earliest date by which a life prisoner becomes legally eligible for parole. Id., citing Cal. Code
18 Regs. tit 15, §§ 2400, 3000. Further observing that the MEPD is not a parole date but a date
19 assigned to the inmate by the CDC to assist the Board of Prison Terms in determining when an
20 inmate's initial parole consideration hearing will be scheduled, respondents aver that petitioner's
21 MEPD has been calculated as July 12, 2007, a date which obviously has not yet been reached.
22 Answer, p. 2, Exhibit B.

23 Discussion

24         In the first place, it appears that, although petitioner amended his initial petition
25 following this court's order filed on August 30, 2004, he failed to proceed in this matter more
26 appropriately pursuant to 42 U.S.C. § 1983. Because petitioner does not attack a particular

2

parole board decision or determination of eligibility but rather challenges the constitutionality of a parole provision generally, this matter typically should have proceeded as a civil rights action. See Wilkinson v. Dotson, __ U.S. __, 125 S. Ct. 1242 (2005); Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997); Bogovich v. Sandoval, 189 F.3d 999 (9th Cir. 1999).  Also, generally, because petitioner is not attacking the legality of his present custody, he has not met the threshold requirement for bringing a petition for writ of habeas corpus.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ...the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973).

However, the always murky divide between habeas and § 1983 civil rights actions, particularly in the parole context, grows ever murkier with respect to the question of when a prisoner should proceed pursuant to 28 U.S.C. § 2254 or under 42 U.S.C. § 1983.  In Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004), the Ninth Circuit recently held that "when prison inmates seek only equitable relief in challenging aspects of their parole review, that, so long as they prevail, *could* potentially affect the duration of their confinement, such relief is available under the federal habeas statute." [Emphasis in original.]  Under Docken, even when, as here, petitioner's claim does not constitute the kind of "core" challenge contemplated by Preiser, supra, he may proceed under § 2254 so long as there is an undeniable "*potential* relationship between his claim and the duration of his confinement...." 393 F.3d at 1031 [emphasis added].  The Docken court resolves the holding in Neal, supra, by finding that the rule of Neal is limited to establishing that § 1983 is an "*appropriate* remedy" in the context of a claim implicating at least some relationship to parole eligibility, without reaching the question of whether it is the *exclusive* one.  393 F.3d at 1030 [emphasis in original].

Thus, the circles of § 1983 and habeas corpus jurisdiction, once only overlapping slightly, grow to be nearly co-terminus.  In this case, the court is left to conclude that petitioner may proceed in habeas, even though the granting of the writ would not result in overturning any

3

denial of his parole at a future hearing, but at most, only result in changing a practice in a future parole eligibility hearing. The undersigned cannot say that there is no "potential" relationship between petitioner's claims and the duration of his confinement.

This does not mean that plaintiff possesses standing, however. Attacking the prospective application of a statute based on speculation that the BPT will do their "worst," i.e., deny petitioner's parole eligibility and not reschedule him for five years, does not satisfy the actual injury or prudential standards of standing.

Jurisdictional standing is assessed in terms of the circumstances at the time the action is filed, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 569-70 n. 4, 112 S. Ct. 2130 (1992) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.") (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989)) (emphasis omitted). "[T]he irreducible constitutional minimum of standing contains three elements, commonly referred to as injury-in-fact, causation (or traceability), and redressability." Lujan v. Defenders of Wildlife, 504 U.S. at 560, 112 S. Ct. at 2136. A litigant must show (1) that he personally has suffered an actual or prospective injury as a result of the putatively illegal conduct; (2) that the injury can be fairly traced to the challenged conduct; and (3) that the injury is likely to be redressed through court action. Valley Forge Christian College, 454 U.S. 464, 472, 102 S. Ct. 752, 758; Duke Power Company v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 72, 80-81, 98 S. Ct. 2620, 2629, 2634 (1978). The Supreme Court has also stated that, in addition, a court should consider the case in light of three principles which might counsel judicial constraint, referred to as "prudential" considerations. See Valley Forge Christian College, supra, 454 U.S. at 471, 474, 102 S. Ct. at 757, 759. Those considerations are: (1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; (2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately

\\\\\

resolved by the legislative branches; and (3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.

The undersigned does not find that petitioner has herein satisfied standing requirements. We must assume that the statute(s) petitioner attacks will remain unchanged to the time petitioner would ever be considered for parole eligibility under its terms. We must further assume from a factual standpoint that petitioner will not qualify for parole eligibility in 2007. Finally, we must speculate that the BPT will set the next eligibility hearing not until a further five years have expired. The fact of the matter, however, is that none of petitioner's claimed injuries can take effect until July 2007, if they happen at all. Permitting standing for prospective injuries does not mean that petitioner can simply speculate about what will transpire. Moreover, from a prudential standpoint, a convicted defendant should not be permitted to challenge and hold a state's parole policies unconstitutional until the policies are known and have actually affected that defendant. If petitioner could attack the parole policies now, what would there be to stop the challenges from defendants the moment after their conviction? The federal courts have enough fractious interplay with sovereign states without going to look for a premature fight.

Because none of petitioner's claims can actually have an effect on his parole eligibility until July 2007, the court recommends that the petition be dismissed without prejudice for jurisdictional-standing reasons. Therefore, the court will not address petitioner's claims on the merits which are not without their difficulties.

Accordingly, IT IS ORDERED that petitioner's December 23, 2004 motion for discovery is denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

5

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6  DATED: 6/24/05

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

9  GGH:009/cecr1342.ofr